**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-13-82-D |
| | ) | |
| JOHN E. TITLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant John E. Titley's Motion Requesting a Preliminary and Permanent Injunction pursuant to Fed. R. Civ. P. Rule 65 to Modify Three-Year Supervised Release Period. [Doc. No. 80]. The government filed a response in opposition. [Doc. No. 82]. Accordingly, the motion is fully briefed and at issue.

**BACKGROUND**

Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. Nos. 19, 20]. On October 21, 2013, Defendant was sentenced to a term of 180 months in prison, followed by a three-year term of supervised release. [Doc. Nos. 33, 34]. Defendant was released in July 2025. Defendant seeks to enjoin the enforcement of a condition of his supervised release. [Doc. No. 80]. Specifically, he seeks a "preliminary and permanent injunction pursuant to Fed. R. Civ. P. 65" because of his "religious acknowledgements as an elder of the Rastafarianism Community." *Id.* at p. 1.

Defendant argues that he is a part of the Rastafarian Nazirite religion, that it is a legitimate religion, and that his religion commands him to practice Marijuana communion, which is purportedly sacred and sacramental. *Id.*

Defendant's terms of supervised release prohibit the use of marijuana. Defendant seeks either early termination of his supervised release or a modification of the terms to allow him to use and possess marijuana for religious purposes. *Id.* at p. 1, 11. Defendant contends the conditions of his supervised release violate his rights under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.*, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*., and the First and Fourteenth Amendments to the United States Constitution. *Id*. at p. 10.

In response the government argues that Defendant is not eligible for early termination of supervised release because at the time he filed his motion, he had not completed one year of his term. [Doc. No. 82]. Additionally, the government argues that even if Defendant had completed a year, early termination of supervised release is not warranted upon consideration of the factors set forth in 18 U.S.C. § 3553(a). *Id.* The government also argued that the Court lacks jurisdiction to consider his claim that the conditions of his supervised release violate his constitutional right to use marijuana as a religious practice. *Id.*

**ANALYSIS**

**I. Defendant's motion is liberally construed as a motion under 18 U.S.C. § 3583.**

The title of Defendant's motion is problematic because the Federal Rules of Civil Procedure cannot be used to challenge a criminal judgment. Defendant's motion is

predicated upon Fed. R. Civ. P. 65. Similar to here, the Tenth Circuit, in *United States v. Jones*, 766 F. App'x 671, 673 (10th Cir. 2019) (unpublished), addressed a motion by an inmate seeking a "preliminary and permanent injunction pursuant to Fed. R. Civ. P. 65," arguing he was "(1) [a] practicing Rastafarian elder; (2) Rastafarianism emphasizes the use of marijuana as a sacrament; and (3) the standard condition of supervised release prohibiting him from possessing and using marijuana will substantially burden his religious exercise." The Tenth Circuit concluded that the "conditions of supervised release are criminal in nature and, therefore, governed by 18 U.S.C. § 3583." *Id.* Moreover, the Court explained that the motion could be construed as filed under 18 U.S.C. § 3583. *Id.* at 673.

Here, like in *Jones*, Defendant "cannot use the Federal Rules of Civil Procedure to attack an aspect of his criminal judgment." *Id.* However, as noted in *Jones*, the Court may and does construe *pro se* Defendant's motion as filed under 18 U.S.C. § 3583.

**II. Early termination of Defendant's supervised release is not warranted.**

Pursuant to 18 U.S.C. § 3583(e)(1), the Court has discretion to terminate a term of supervised release. The statute provides in pertinent part:

> The court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). In determining whether termination of supervised release is appropriate, the Court must consider factors set forth in § 3553(a). *United States v. Begay*, 631 F.3d 1168, 1170 (10th Cir. 2011). "Whether to grant a motion to terminate a term of

supervised release under 18 U.S.C. § 3583(e)(1) is a matter of sentencing court discretion." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2011). In exercising its discretion, the Court is also mindful that "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

After considering the relevant § 3553(a) factors, the Court is not persuaded early termination of Defendant's term of supervised release is warranted by his conduct and the interest of justice.[1] Indeed, Defendant has only completed approximately 15 months of his term and has violated his conditions on multiple occasions. *See* [Doc. Nos. 83, 84]. Defendant submitted urine specimens that tested positive for cannabinoids on July 29, August 5, 15, 22, 29, September 3, 10, 15, 23, October 7 and 17, 2025. [Doc. No. 84]. Accordingly, the Court finds that completing the term of supervised release originally imposed strikes the proper balance and best achieves the goals of sentencing.

**III. The Court does not have jurisdiction to modify a condition of Defendant's supervised release based on his challenge to its constitutionality.**

Defendant argues that because the restriction preventing him from using marijuana during the term of his supervised release violates his constitutional rights to freedom of religion, the Court should modify the conditions and allow him to possess and use marijuana. [Doc. No. 80]. This is not the first time Defendant has raised this argument. *See* [Doc. No. 58]. Indeed, Defendant asserted the same argument in his prior "Notice of

[1] Although Defendant had not completed a year of his term of supervised release when he filed the motion, he has since completed a year. Thus, the Court need not address this issue of whether Defendant's motion is barred by § 3583(e)(1)'s one year completion requirement.

Motion Requesting a Preliminary and Permanent Injunction Pursuant to Fed. R. Civ. P. Rule 65 to Modify Three Year Supervised Release Period." *Id.*

The Court previously addressed Defendant's argument in its Order dated June 25, 2020, and found that it "lacks jurisdiction to entertain his request." [Doc. No. 71]. Accordingly, for the same reasons the Court found it lacked jurisdiction in its prior Order [Doc. No. 71], the Court finds that it lacks jurisdiction to entertain Defendant's request.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 80] is **DENIED IN PART and DISMISSED WITHOUT PREJUDICE IN PART** as set forth herein.

**IT IS SO ORDERED** this 22nd day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE